IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| LUNAREYE, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | Case No. 9:07cv113 |
| AIRIQ INC., AIRIQ US HOLDINGS, INC., § | |
| AIRIQ US, INC., AIRIQ MARINE, INC., § | Jury Demanded |
| AIRIQ LLC, and CALAMP CORP. § | |
| § | |
| Defendants. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, LUNAREYE, INC. (hereinafter "Plaintiff" or "LunarEye"), complaining of AIRIQ INC., AIRIQ US HOLDINGS, INC., AIRIQ US, INC., AIRIQ MARINE, INC., AIRIQ LLC, and CALAMP CORP., collectively referred to as "Defendants", and for cause of action would respectfully show the following:

### I. PARTIES

1.       Plaintiff is a Texas corporation with its principal place of business in Liberty County, Texas.

2.       Defendant AIRIQ INC., (hereinafter "AirIQ) is a Canadian Corporation with principal places of business in Ontario, Canada.  AirIQ can be served pursuant to the HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRA-JUDICIAL DOCUMENTS IN CIVIL AND COMMERCIAL MATTERS by registered mail to AirIQ Inc., 1099 Kingston Road, Suite 233 Pickering, ON Canada L1V 1B5, with a copy to Canada's Designated Central Authority for

Ontario, Ministry of the Attorney General for Ontario Reciprocity Office: Civil Law Division, 18 King St. East, Toronto, Ontario, Canada M5C 1C5.

3.     Defendant AIRIQ US HOLDINGS INC. is a wholly-owned subsidiary of AirIQ, and can be served pursuant to the HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRA-JUDICIAL DOCUMENTS IN CIVIL AND COMMERCIAL MATTERS by registered mail to AirIQ US Holdings Inc., 1099 Kingston Road, Suite 233 Pickering, ON Canada L1V 1B5, with a copy to Canada's Designated Central Authority for Ontario, Ministry of the Attorney General for Ontario Reciprocity Office: Civil Law Division, 18 King St. East, Toronto,

4.     Defendant AIRIQ US INC (hereinafter "Aircept") is or was a wholly-owned subsidiary of AirIQ, with its principal place of business in California. Aircept can be served by registered mail to Aircept Division - AirIQ U.S., Inc., 25 Empire Drive, Suite 200, Lake Forest, CA USA 92630.

5.     Defendant AIRIQ MARINE INC. (hereinafter "Boatracs") is a wholly-owned subsidiary of AirIQ, with its principal place of business in California. Boatracs can be served by registered mail to Boatracs Division - AirIQ Marine, Inc., 9155 Brown Deer Road, Suite 8, San Diego, CA USA 92121.

6.     Defendant AIRIQ LLC is a wholly-owned subsidiary of AirIQ, and can be served by pursuant to the HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRA-JUDICIAL DOCUMENTS IN CIVIL AND COMMERCIAL MATTERS by registered mail to AirIQ LLC, 1099 Kingston Road, Suite 233 Pickering, ON Canada L1V 1B5, with a copy to Canada's Designated Central Authority for Ontario, Ministry of the Attorney General for Ontario Reciprocity Office: Civil Law Division, 18 King St. East, Toronto.

7.        Defendant CALAMP CORP. (hereinafter "CalAmp") is a Delaware company with its principal place of business in California, and may be served by registered mail to Richard K. Vitelle, CalAmp Corp., 1401 N. Rice Avenue, Oxnard, CA 93030.

## II. JURISDICTION & VENUE

8.        This Court has jurisdiction over LunarEye's patent infringement claims pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and pursuant to 28 U.S.C. § 1338.

9.        Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because LunarEye has regularly conducted business in this judicial district and certain of the acts complained herein occurred in this judicial district.

## III. FACTS

10.       This action arises out of Defendants' infringement of three (3) patents owned by LunarEye.

**A.    Course of Proceedings.**

11.       Some of the patent infringement allegations in this case relate to claim 3 of U.S. Patent No. 6,484,035, entitled "APPARATUS AND METHOD FOR TRIGGERABLE LOCATION REPORTING" ("the '035 patent")..

12.       Claim 3 of the '035 Patent has been previously construed by this Court, and the Court's Memorandum Opinion and Order Construing Claim Terms of United States Patent No. 6,484,035 (the "Claim Construction Opinion") is attached hereto as Exhibit A.

**B.     Patent Infringement Allegations.**

13      On October 2, 2001, U.S. Patent No. 6,297,768 B1, entitled "TRIGGERABLE REMOTE CONTROLLER" ("the '768 patent"), was duly and legally issued to inventor Alvin C. Allen, Jr. A true and correct copy of the '768 patent is attached hereto as Exhibit B.

14.     On November 5, 2002, U.S. Patent No. 6,476,763 B2, entitled "TRIGGERABLE REMOTE CONTROLLER" ("the '763 patent"), was duly and legally issued to inventor Alvin C. Allen, Jr. A true and correct copy of the '763 patent is attached hereto as Exhibit C.

15.     On November 19, 2002, U.S. Patent No. 6,484,035, entitled "APPARATUS AND METHOD FOR TRIGGERABLE LOCATION REPORTING" ("the '035 patent"), was duly and legally issued to inventor Alvin C. Allen, Jr. A true and correct copy of the '035 patent is attached hereto as Exhibit D.

16.     On March 23, 2004, U.S. Patent No. 6,710,738 B2, entitled "TRIGGERABLE REMOTE CONTROLLER" ("the '738 patent"), was duly and legally issued to inventor Alvin C. Allen, Jr. A true and correct copy of the 738 patent is attached hereto as Exhibit E.

17.     LunarEye is the owner by assignment of the '768, '763, '035, and '738 patents with full and exclusive right to bring suit to enforce these patents.

18.     The '768, '763, '035, and '738 patents relate generally to a triggerable location-reporting apparatus comprising: (a) a location-signal generating device configured to produce a location signal including location data when enabled; (b) a data selecting device for selecting less than all of the location data to include in the location signal; (c) a telemetry transmitter coupled to the data selecting device configured to transmit the location signal when enabled; (d) an enable controller configured to enable the location-signal generating device and the telemetry

transmitter when it receives a trigger signal to then disable it; and (e) wherein the data selecting device reorders the selected data location.

19.  On information and belief, Defendants have been and are infringing, contributing to infringement, and inducing others to infringe the '768, '763, '035, and '738 patents by making, using, offering for sale, selling or importing, or reverse-engineering devices that incorporate items protected by the '768, '763, '035, and '738 patents. Defendants' acts of infringement have occurred within this district and elsewhere throughout the United States.

20.  On information and belief, Defendants have willfully infringed the '768, '763, '035, and '738 patents by continuing its acts of infringement after being on notice of these patents.

21.  On information and belief, CalAmp has agreed to acquire, or has acquired, the Vehicle Finance division of AirIQ Inc., which sells an infringing product including a wireless cellular transceiver, GPS receiver, computer processor, and various software and firmware that allows users to access real-time information about the vehicle.

## IV.  CAUSES OF ACTION

### A.  PATENT INFRINGEMENT.

22.  LunarEye repeats and re-alleges the allegations of paragraphs 1 through 19 above as if fully set forth herein.

23.  In violation of 35 U.S.C. § 271, Defendants have infringed and its continuing to infringe, literally and/or under the doctrine of equivalents, the '768, '763, '035, and '738 patents by practicing one or more claims of the '768, '763, '035, and '738 patents in its manufacture, use, offering for sale, sale and/or importation of electronic devices.

24. The AirIQ Defendants' acts have been willful and with full knowledge of the legally protected status of the '768, '763, '035, and '738 patents.

25. LunarEye has been damaged by Defendants' infringement and, unless Defendants obtain a license to the '768, '763, '035, and '738 patents or is enjoined by the Court, Defendants will continue their infringing activity and LunarEye will continue to be damaged.

## V. JURY DEMANDED

26. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues raised by this Complaint which are triable by jury.

## PRAYER

a. A preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary companies, all assignees and successors in interest and those persons in active concert or participation with Defendants and enjoining them from continuing acts of infringement of LunarEye's patents;

b. All actual damages;

c. A trebling of said damages pursuant to 35 U.S.C. §204;

d. Attorneys' fees pursuant to 35 U.S.C. §205;

e. All costs of court; and

f. Any such other relief that this Court deems just and proper.

Respectfully submitted,

**WILLIAMS ⭐ BAILEY LAW FIRM, L.L.P**



E. Armistead "Armi" Easterby
Texas Bar No. 00796500
Federal ID: 20598
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713/230-2308 Phone
713/643-6226 Facsimile

Of Counsel:

**WILLIAMS ⭐ BAILEY LAW FIRM, L.L.P**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713/230-2308 Phone
713/643-6226 Facsimile

Clardy Law Offices
Travis Clardy
SBN: 04268020
300 Main Street, 2nd Floor
Nacogdoches, Texas 75961
Telephone (936) 564-2500
Facsimile: (936) 564-2507