IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LUNAREYE, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:07-CV-113 |
| v. | § | Civil Action No. 9:07-CV-114 |
| | § | |
| AIRIQ INC., AIRIQ US HOLDINGS, INC., | § | |
| AIRIQ US, INC., AIRIQ MARINE, INC., | § | JUDGE RON CLARK |
| AIRIQ LLC, and CALAMP CORP.. | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

The Court finds it necessary to implement procedures applying to future motions to be submitted in this case. This is necessary to allow the Court to manage its docket in a timely fashion, and to focus its attention on dispositive or otherwise truly significant issues in this case.

<u>Discovery-Related Motions</u> - Before filing opposed discovery-related motions, a certificate of conference shall be signed by the lead trial counsel and local counsel stating that a proper "meet and confer" has been conducted or attempted. A "meet and confer" requires, at a minimum, a personal conference, by telephone or in person, between the lead trial counsel and any local counsel for the movant and the lead trial counsel and any local counsel for the non-movant. In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. A request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving a specific issue for the

court to resolve. Correspondence, emails, and facsimile transmissions do not constitute compliance with the "meet and confer" requirement and are not evidence of good faith. Such materials may, however, be used to show bad faith of the author.

Summary Judgment Motions - Each side may file only one motion for summary judgment without leave. Prior to filing any additional motion for summary judgment, a party (or side if there is more than one party on a side) must submit a letter brief seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages, double spaced, and shall be filed with the Court no later than thirty (30) days before the deadline for filing summary judgment motions. The letter brief shall be in effect an "executive summary" of the material facts and pinpoint case citations to the key cases and statutes that justify the relief requested.

Answering letter briefs shall be no longer than five (5) pages, double spaced and filed with the Court no later than fourteen (14) days thereafter. The answering letter brief should be an "executive summary" of the material facts in dispute and pinpoint citations to the key cases and statutes which support denying the motion. The Court may hold a hearing or telephone conference to hear arguments and to determine whether the advisability of filing the motion and whether it should be limited in scope.

Motions to Strike Expert Testimony/Daubert Motions - The same procedure as outlined above shall be followed with the following changes: 1. The briefs shall be limited to three pages double spaced; 2. The opening letter brief shall be filed with the Court no later than two (2) weeks before the deadline for filing Motions to Strike or Daubert Motions; 3. Answering letter briefs in shall be no longer than three (3) pages and filed with the Court no later than seven (7) days thereafter. The Court may hold a hearing or telephone conference to hear arguments and to determine the advisability of filing of the motion and whether it should be limited in scope.

      <u>Motions in Limine</u> - In order to encourage the parties to work together in a professional manner rather than waste time and resources, an attorney for each side with authority to make agreements regarding motions *in limine* (or attorneys if one does not have such authority) shall meet *in person* in a good faith attempt to resolve all issues in the respective motions *in limine* and all objections to exhibits. Only those that truly cannot be agreed upon shall be submitted to the court. Objections to relevance and "materiality" shall be reserved until an exhibit is offered or used at trial.

      For all of the above mentioned motions, the letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

      It is so **ORDERED**.

      So **ORDERED** and **SIGNED** this **6** day of **March, 2008.**

_____
Ron Clark, United States District Judge