IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LUNAREYE, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 9:07CV113 |
| v. | § | |
| | § | |
| AIRIQ, INC. *et al*, | § | JUDGE RON CLARK |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the court is the parties' Agreed Motion to Amend the Scheduling Order [Doc. # 96], in light of the fact that the May 2010 trial date was recently re-set for September 2010. The court is of the opinion that the motion should be GRANTED IN PART, and amends the Scheduling Order as set out below.[1]

| | |
|---|---|
| December 21, 2009 | If Plaintiff has notified the court that it plans to assert new claims, it will serve P.R. 3-1 Infringement Contentions (and P.R. 3-2 document production) on Defendants by this date. **[Previous deadline: August 4, 2009]** |
| January 8, 2010 | Provide Initial Mandatory Disclosures of information directed solely to damages. Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed. This deadline is not an extension of earlier deadlines set out in this court's order |

---

[1]The court makes only one modification to the parties' proposal. Extending the November 28, 2009 dispositive motions deadline to June 1, 2010 as the parties request does not leave the court with sufficient time to fully consider any summary judgment motions the parties may file. An April 23, 2010 deadline will allow the parties the opportunity to develop their summary judgment arguments after discovery and expert reports have been exchanged, while still leaving the court with enough time to resolve any motions before trial.

|  |  |
|---|---|
|  | or the Patent Rules, nor an excuse to delay disclosure of information.  It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial.  **[Previous deadline: August 21, 2009]** |
| January 19, 2010 | If Plaintiff has served new Infringement Contentions based on newly added claims, Defendants shall serve P.R. 3-3 Invalidity Contentions (and P.R. 3-4 document productions) by this date.  **[Previous deadline: August 25, 2009]** |
| February 2, 2010 | Comply with P.R. 3-7.  (Designation of Wilfulness Opinions).  **[Previous deadline: September 18, 2009]** |
| February 12, 2010 | If Plaintiff has added new claims to its Infringement Contentions**,** the parties will exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. § 112, ¶ 6 (P.R. 4-1) by this date.  **[Previous deadline: September 28, 2009]** |
| February 26, 2010 | If Plaintiff has added new claims to its Infringement Contentions, the parties will exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2) by this date.  **The parties will also notify the court by this date if a claim construction hearing is required. [Previous deadline: October 12, 2009]** |
| April 2, 2010 | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B).  **[Previous deadline: September 18, 2009]** |
| April 16, 2010 | Parties to Designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B).  **[Previous deadline: October 2, 2009]** |
| April 23, 2010 | File Dispositive Motions and any other motions that may require a hearing. Regardless of how many dispositive motions a party files, each party is limited to a total of sixty |

|  |  |
|---|---|
|  | pages for such motions.  Each individual motion shall comply with Local Rule CV-7.<br>**Responses to motions shall be due in accordance with Local Rule CV-7(e).**<br>Note:   Objections to any expert, including Daubert motions, shall be filed within 3 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten pages each.  **[Previous deadline: November 28, 2009]** |
| June 4, 2010 | Discovery Deadline.  All discovery must be served in time to be completed by this date.  **[Previous deadline: January 29, 2010]** |
| August 10, 2010 | Notice of intent to offer certified records.  **[Previous deadline: April 6, 2010]** |
| August 10, 2010 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and  unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). **[Previous deadline: April 6, 2010]** |
| August 17, 2010 | Video Deposition Designation due.  Each party who proposes to offer a deposition by video shall serve on all other parties a  disclosure identifying the line and page numbers to be offered.  All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included.  Counsel must consult on any objections and only those which can not be resolved shall be presented to the court.  The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections.  **[Previous deadline: April 13, 2010]** |
| August 24, 2010 | Motions in limine due<br>File Joint Final Pretrial Order.  See Local Rules Appendix D (Obtain form for Exhibit List from District Clerk's Office, or create an Exhibit List form that mirrors the |

|  |  |
|---|---|
|  | District Clerk's form).  Exchange Exhibits and deliver copies to the court.  At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies.  **[Previous deadline: April 20, 2010]** |
| August 31, 2010 | Response to motions in limine due.[2]<br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend the deadline to object to expert witnesses).  If numerous objections are filed the court may set a hearing prior to docket call.<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law).  **[Previous deadline: April 27, 2010]** |
| **September 10, 2010** | **Docket call and Final Pretrial at 9:00 a.m.**<br>Date parties should be prepared to try case.  Provide court with two copies of most updated Exhibit list.  Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pre- Order, but may have some   deletions depending on rulings on objections.  At this date, the parties should be prepared to give the Deputy Clerk one hard copy of the exhibits.  **[Previous deadline: May 11, 2010]** |
| **September 13, 2010** | **10:30 a.m. Jury Selection and Trial**. Case will then be tried in order with other cases on the docket. (Depending on disposition of other cases on the court's docket, jury selection may be the following week. The court will notify counsel as soon as possible if this is required). **[Previous deadline: May 18, 2010]** |

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space, respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall meet and confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response.  The parties shall notify the court of all the issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel **shall meet and confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

This Order shall not serve as the basis for extension of any other deadline, including the September 2010 trial date.

So **ORDERED** and **SIGNED** this **20** day of **October, 2009.**

_____
Ron Clark, United States District Judge