**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| LUNAREYE, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | C.A. NO.  9:07-CV-113 |
| | § | |
| AIRIQ, INC., AIRIQ U.S. INC.; and | § | JUDGE RON CLARK |
| CALAMP CORP., | § | |
| | § | |
| DEFENDANTS. | § | |

**<u>LUNAREYE'S RESPONSE TO CALAMP'S MOTION TO STRIKE</u>**

Plaintiff LunarEye, Inc. ("LunarEye") files this response to CalAmp Corp.'s ("CalAmp")

Motion to Strike Plaintiff's Amended Infringement Contentions and respectfully requests that the

motion be denied.

## I.      <u>SUMMARY OF THE CASE</u>

Simply put, the draconian relief that CalAmp seeks is wholly inappropriate here because

CalAmp has demonstrated a fatal misunderstanding of the law with regard to this District's

infringement contention requirements and has failed to accurately convey the facts related to its

motion.  In addition, CalAmp is unable to show any significant prejudice that would entitle it to

the relief it now seeks.

With regard to the law, CalAmp asks this Court to ignore the plain language of P.R. 3-1 and

a well-established body of case law to require that LunarEye explain precisely *how* the accused

devices infringes the '035 Patent -- in other words, CalAmp wants this Court to force LunarEye

to prove its infringement case now by way of LunarEye's P.R. 3-1 infringement contentions.

This interpretation is neither supported by the clear language of the rule nor the Court's prior rulings on this issue. In relevant part, Patent Rule 3-1 requires only that the plaintiff provide:

> **(c)** A chart identifying <u>specifically where each element of each asserted claim is found within each Accused Instrumentality</u>, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

P.R. 3-1(c) (emphasis added). LunarEye has more than adequately described where in CalAmp's accused products each element of each asserted claim can be found. However, CalAmp now asks the Court to impose an even higher burden on LunarEye, in essence seeking the Court to have LunarEye litigate its infringement claims through its infringement contentions. CalAmp's overreaching is neither contemplated nor condoned by this Court's patent rules and, therefore, CalAmp's motion should be denied.

With regard to the facts, LunarEye does not deny that due to a simple clerical oversight it inadvertently left the CalAmp infringement contentions out of the service email that was sent on January 5, 2010. However, upon receiving notice that CalAmp had not received LunarEye's contentions, LunarEye expeditiously served its contentions on CalAmp and also immediately inquired as to whether CalAmp believed LunarEye should seek leave of court before CalAmp would accept the amended infringement contentions. CalAmp failed to respond other than to file its motion to strike. Even more crucial to the facts here, CalAmp has failed to inform the Court that it has not supplemented its discovery responses wherein LunarEye sought an identification of all potentially infringing CalAmp products. LunarEye cannot be expected to identify all Accused Products if CalAmp ignores the discovery rules of this District.

Finally, since LunarEye's infringement contentions more than meet the requirements of P.R. 3-1, the only prejudice CalAmp could possibly have suffered is a modest delay – which

LunarEye diligently corrected once discovered – before it was served with LunarEye's contentions. CalAmp cites no authority for the proposition that a short delay in service justifies striking LunarEye's infringement contentions, <u>an act tantamount to a grant of summary judgment</u>.

For these reasons, CalAmp's motion should be denied.

## II.    RESPONSE TO LIST OF UNDISPUTED MATERIAL FACTS

CalAmp did not include a List of Undisputed Material Facts as required by the Court. Therefore, any "facts" contained in CalAmp's motion that do not include a citation to the evidentiary record (as is also required by the Court) should not be considered by the Court in deciding CalAmp's motion.

LunarEye includes here additional undisputed and material facts:

(1) On July 13, 2009, the Court lifted the stay on this case after LunarEye notified the Court that the PTO had confirmed original claim 3 and newly added claims 4-24 of the '035 Patent as patentable over the prior art cited by the third-party requester. As part of its July 13th Order, the Court set the following deadline:

> If Plaintiff has notified the court that it plans to assert new claims, it will serve P.R. 3-1 Infringement Contentions (and P.R. 3-2 document production) on Defendants by this date.

Docket No. 87.

(2) On July 27, 2009, LunarEye notified the Court that it planned to assert new claims. Docket No. 88.

(3) At the request of all the parties, on December 21, 2009, the Court amended its July 13th Order to extend the various deadlines, including the deadline for LunarEye to serve its P.R. 3-1 Infringement Contentions. As with the Court's July 13th Order, the December

21st Order does not indicate that LunarEye's P.R. 3-1 Infringement Contentions are to be limited solely to newly added claims.  Docket No. 101.

(4) On January 5, 2010, at 2:37PM LunarEye attorney Chris Faucett provided finalized versions of LunarEye's P.R. 3-1 disclosures for both the AirIQ accused products and the CalAmp accused products to his paralegal Dee Malone via e-mail with the following instructions:

> Dee, these need to be served today.  I believe counsel information (counsel for AirIQ and CalAmp) may be in the file at 5862.002.

Faucett Declaration, ¶3 (emphasis added); Malone Declaration, ¶3; Schlather Declaration, ¶3.

(5)  Later that day, January 5, 2010, at 4:15PM, Ms. Malone sent an e-mail to AirIQ's counsel attaching LunarEye's P.R. 3-1 disclosures.  Malone Declaration, ¶5; Schlather Declaration, ¶4.

(6) At 4:18PM that same day, Steve Schlather, another of LunarEye's attorneys, notified Ms. Malone that her 4:15PM e-mail did not include CalAmp's counsel on the distribution list. Schlather Declaration, ¶5.

(7) Immediately following Schlather's e-mail, at 4:31PM, Ms. Malone forwarded LunarEye's P.R. 3-1 disclosures to CalAmp's counsel, Mr. Joel Kauth.  Malone Declaration, ¶6-7.

(8) At no time prior to January 12, 2010, did LunarEye's counsel realize that the P.R. 3-1 disclosures Ms. Malone served on January 5, 2010 included only those contentions directed to AirIQ's products and did not include the contentions to CalAmp.  Schlather Declaration, ¶6; Faucett Declaration, ¶4; Malone Declaration, ¶9.

(9) On January 12, 2010 at 7:10PM, LunarEye's counsel, Armi Easterby, received an e-mail from CalAmp's counsel inquiring about LunarEye's P.R. 3-1 disclosures directed to CalAmp's products.  Faucett Declaration, ¶5.

(10) At 8:43AM on January 13, 2010, Mr. Easterby responded to Mr. Kauth's inquiry assuring him that "[y]ou will get the contentions today…"  Faucett Declaration, ¶5.

(11) Mr. Faucett followed up on Mr. Easterby's assurances, providing LunarEye's P.R. 3-1 contentions relating to CalAmp's products at 10:47AM on January 13, 2010.  Faucett Declaration, ¶6.

(12) In addition to providing LunarEye's contentions, Mr. Faucett also inquired of Mr. Kauth as follows:

> In the event Ms. Malone inadvertently failed to serve these [LunarEye's P.R. 3-1 disclosures] on your client, please advise whether you believe that we should seek leave of court before CalAmp will accept these infringement contentions.

Faucett Declaration, ¶6. (emphasis added)

(13) CalAmp never responded substantively to Mr. Faucett's inquiry but instead notified LunarEye of the need to meet and confer in advance of filing its motion to strike.  Faucett Declaration, ¶7.

## III.    ISSUES PRESENTED

LunarEye contends CalAmp has failed to clearly set out the precise issues that would entitle CalAmp to the relief it seeks.  Nonetheless, LunarEye identifies the following legal issues that justify denial of CalAmp's motion:

(1) Do either of the Court's July 13, 2009 or December 21, 2009 Order restrict LunarEye's P.R. 3-1 Infringement Contentions solely to newly added claims?

(2) Does P.R. 3-1 require LunarEye to marshal its evidence and litigate its infringement

      case in its Infringement Contentions?

(3) In the absence of any significant prejudice, is CalAmp entitled to the draconian relief

      it seeks in striking LunarEye's January 5th infringement contentions?

## IV.    <u>ARGUMENT</u>

### A.  LUNAREYE'S JANUARY 5th INFRINGEMENT CONTENTIONS NEED NOT BE LIMITED SOLELY TO NEW CLAIMS

There is nothing in the Court's orders that limits LunarEye's P.R. 3-1 infringement contentions solely to newly asserted claims. *See*, LunarEye's Statement of Undisputed Facts, § 1-3. To the contrary, the plain language of both the Court's July 13, 2009 and December 21, 2009 orders are very clear:

> If Plaintiff has notified the court that it plans to assert new claims,
> it will serve P.R. 3-1 Infringement Contentions (and P.R. 3-2
> document production) on Defendants by this date.

*Id*. Tellingly, CalAmp cites no order from the Court or any other authority for its conclusion that "any amendments to [LunarEye's] Infringement Contentions were to be directed to newly added claims." CalAmp's Motion at 3. This is not surprising since there is nothing that would support such an inaccurate statement.

Simply put, CalAmp's interpretation of the Court's recent scheduling orders is wrong on its face. LunarEye's January 5th infringement contentions fully comply with the plain language

of the Court's orders.  For this reason, CalAmp's motion should be denied to the extent it seeks

to strike changes made with regard to claim 3.


## B. PATENT RULE 3-1 DOES NOT REQUIRE LUNAREYE TO MARSHALL EVIDENCE AND LITIGATE ITS INFRINGEMENT CASE


Even a cursory reading of P.R. 3-1 shows that the rule does not require LunarEye to describe

"how" CalAmp's products infringe, but rather only requires LunarEye to disclose "where each

element of each asserted claim is found within the Accused Instrumentality."  *See*, P.R. 3-1(c).

LunarEye has more than fulfilled its obligation in this respect.  As an initial matter, CalAmp

never raised any objection to LunarEye's initial infringement contentions – which were served

more than two years ago on December 10, 2007.  For the past two years then, CalAmp has been

satisfied to move forward with this case without once raising any issues with the sufficiency of

LunarEye's disclosures.   Only now, after reexamination has confirmed the validity of

LunarEye's claims and LunarEye has provided even more detailed contentions, does CalAmp

take issue with LunarEye's initial infringement contentions.[1]

CalAmp improperly seeks to have the Court require LunarEye to "make out a proper

infringement argument."  CalAmp's Motion at 12.  It is well established that "[t]he Rules do not

require the disclosure of specific evidence nor do they require a plaintiff to prove its

infringement case."  *Whipstock Services, Inc. v Schlumberger Oilfield Services*, 2010 U.S. Dist.

LEXIS 1395, at *4 (E.D. Tex.  January 8, 2010); *Linex Technologies, Inc. v. Belkin Int'l, Inc.*,

628 F. Supp. 2d 703, 713 (E.D. Tex. 2008) ("Infringement contentions 'are not meant to provide

a forum for litigation of the substantive issues; they are merely designed to streamline the

discovery process.'" (quoting *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d  754,

---

[1] CalAmp does not seek to strike LunarEye's December 10, 2007 contentions.

755 (E.D. Tex. 2004)).  However, this is precisely what CalAmp seeks in its motion – an order requiring LunarEye to prove its infringement case.

More perplexing here is that CalAmp even acknowledges the proper standard in its motion, citing *STMicroelectronics* for the proposition that infringement contentions must only be specific enough to give a defendant notice of plaintiff's infringement claims.  CalAmp's Motion at 6. There is no dispute that the infringement contentions required by P.R. 3-1 do not require LunarEye to provide claim construction arguments and expert testimony in its contentions. Nonetheless, LunarEye has taken the additional step of reviewing the source code for CalAmp's accused products and, where applicable, providing citations to specific source code modules that perform each claim element.

Despite CalAmp's incorrect allegations that LunarEye's contentions include only "conclusory statements," even a cursory review of LunarEye's contentions shows that they are very detailed and even include citations to the specific code sections where LunarEye contends infringement occurs.  LunarEye also provides specific citations to the record to show where it believes the elements of each claims are performed within CalAmp's Accused Products. However, this is apparently not sufficient for CalAmp, as it even goes so far as to complain about this excruciating level of detail – again arguing without support that it is entitled to an explanation of "what is being performed by the code."  CalAmp's Motion at 4.  The reality is that CalAmp seeks both expert testimony from LunarEye to support its contentions and also seeks to have LunarEye take claim construction positions in its contentions.  CalAmp is not entitled to either under P.R. 3-1.

Taking a closer look at LunarEye's infringement contentions, it is clear that they provide significant detail and meet or exceed the notice requirement of P.R. 3-1.  Below is an exemplary

portion of LunarEye's contentions that demonstrates that LunarEye has more than met its

obligation to identify specifically where each element of each asserted claim is found within the

Accused Products:

| Line | US Patent 6,484,035 Claim 3 | CalAmp: All LMU series vehicle monitoring and tracking devices including at least the following: LMU BlueLocator; LMU TetheredLocator; LMU 4000 iDEN; LMU 4000 CDMA 2000; LMU-4000 GPRS; LMU-1450; LMU-1400; CDM-819 GSM; LMU-4100 CDMA2000 1X; LMU-4100 GPRS; LMU-4100 iDEN; LMU-2500 GPRS; LMU-1200 GPRS; LMU-1100 GPRS; LMU-900 GPRS; and MTU-100 GPRS and Aercept Complete Asset Tracking Solution | Program Name | PR 3-1(g) Bates Numbers |
|---|---|---|---|---|
| 2 | a location-signal generating device configured to produce a location signal including location data when enabled; | Reliable and Service Friendly.   The BlueLocator and LMU product line minimizes service risks and costs by offering hands-free, over-the-air unit setup, configuration changes, and firmware downloads, Our web-based maintenance server reports units' health status across your customers' fleets and even allows you to schedule updates for automatic, over-the-air delivery.<br><br>http://www.calamp.com/pdf_files/ds_lmu_bluelocator.pdf.   November 17, 2007.<br><br>Reliable and Service Friendly.   The TetheredLocator minimizes risks associated with traditional vehicle location devices. Over the air programmability means configuration parameters and firmware can all be updated over the air, significantly reducing service costs. And by storing up to 10,000 locations and events, the TetheredLocator keeps on working even if the phone is off or out of coverage.<br><br>http://www.calamp.com/pdf_files/ds_lmu_tetheredlocator.pdf. November 17, 2007<br><br>See also individual product data sheets at http://www.calamp.com/calamp_4_mm/fleet_tracking.html. January 4, 2009. | API_NAV.h<br>API_SCK.h<br>API_SYS.h<br>APP.c<br>APP.h<br>APP_PARSER.c<br>APPMSG.c<br>CONFIG.h<br>COMU.c<br>COMU.h<br>CDMA.c<br>CDMA.h<br>DIALER.c<br>DIALER.h<br>EXTERN_GPS.c<br>EXTERN_GPS.h<br>EVENT.c<br>EVENT.h<br>ENVIRON.c<br>ENVIRON.h<br>GPS.c | 0004-0026<br>0027-0028<br>0031-0055<br>0105-0118<br>0127<br>0056-103<br>0128-0130<br>0260-0264<br>0227-0229<br>0230<br>0176-0198<br>0199-0200<br>0273-0290<br>0291<br>0382-0392<br>0393<br>0332-0368<br>0369-0375<br>0320 0321<br>0325<br>0405 0428 |
| | | All of the above-described devices include a location-signal generating device (in the form of a GPS unit) configured by firmware and/or software to produce a location signal including location data when enabled | GPS.h<br>GSM.c<br>GSM.h<br>MODEM.c<br>MODEM.h<br>PCFG.c<br>PCFG.h<br>PIO.c<br>PIO.h | 0429-0430<br>0434-0462<br>0463<br>0797-0813<br>0814-0815<br>0846-0864<br>0865<br>0866-0873<br>0874 |

LunarEye's January 5, 2010 Infringement Contentions (attached as Exhibit 1 to CalAmp's Motion).

This portion of LunarEye's contentions clearly set forth where LunarEye contends CalAmp's Accused

Products infringe the '035 Patent.  CalAmp insinuates that LunarEye relies solely on a "conclusory

statement" that "ignore[s] the requirements of the patent rules."  CalAmp's Motion at 3.  Nothing could

be further from the truth.  As the representative excerpt above shows, LunarEye has provided highly

detailed contentions that identify where each element of each asserted claim can be found in CalAmp's accused products.

In stark contrast to the detailed infringement contentions that LunarEye has provided, CalAmp cites *Computer Acceleration* in a futile attempt to bolster its failed arguments. CalAmp's Motion at 3, 8. *Computer Acceleration* is easily distinguished. There, the plaintiff's infringement contentions for Microsoft's Vista operating system were contained in a footnote and merely stated that Vista infringed in a manner similar to Microsoft's Windows XP product. Clearly there is no comparison between the deficient contentions of *Computer Acceleration* and the highly detailed contentions LunarEye has provided to CalAmp. Regardless, as this Court held in Computer Acceleration, "[t]he contentions must be specific enough to give a defendant <u>notice</u> of plaintiff's infringement claims and must go beyond that provided by the mere language of the patent." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 823 (E.D. Tex. 2007) (emphasis added). Even a cursory review of LunarEye's contentions clearly shows that they go well beyond the "mere language of the patent" and more than meet the requirements of P.R. 3-1.

In a further unsuccessful attempt to show that LunarEye's contentions are somehow lacking, CalAmp further argues that LunarEye has included products that "lack a telemetry transmitter." However, CalAmp fails to inform the Court that LunarEye also very clearly explains how these devices infringe LunarEye's '035 Patent. For instance, with regard to CalAmp's BlueLocator device (which does not include an internal cellular modem), LunarEye specifically states:

> To communicate vehicle data, the BlueLocator <u>links to a Bluetooth-enabled phone or PDA with a cellular data plan</u>.

LunarEye's January 5, 2010 Infringement Contentions (attached as Exhibit 1 to CalAmp's Motion) at Exhibit A, Pg. 1 (emphasis added).  This very clearly puts CalAmp on notice of LunarEye's theory of infringement with regard to these particular devices.

Even assuming *arguendo* that CalAmp's allegations are correct (although they are demonstrably incorrect), LunarEye has still put CalAmp on notice of its theory of infringement.  CalAmp has more than enough information to formulate both its infringement and invalidity responses.  Again, P.R. 3-1 does not require LunarEye to set forth a *prima facie* case of infringement through its contentions.

For the foregoing reasons, CalAmp's motion should be denied.

## C.  CALAMP HAS SUFFERRED NO PREJUDICE THAT WOULD ENTITLE IT TO THE DRACONIAN RELIEF IT REQUESTS

Although LunarEye has added additional CalAmp products it believes infringe the '035 Patent, LunarEye's theory of infringement with regard to these products is identical to its theory of infringement set forth in LunarEye's initial December 2007 infringement contentions.  It is disingenuous, at best, for CalAmp to claim prejudice when it has been on notice for more than two years of LunarEye's contentions.  Since LunarEye's contentions are the essentially same for all of CalAmp's products, any potential prejudice is minimal since CalAmp's analysis of both infringement and invalidity will apply across the board to all the Accused Products.

CalAmp makes much of the one week delay in receiving LunarEye's infringement contentions.  Quite simply, this delay was the result of a purely clerical oversight.  On January 5, 2010, LunarEye's counsel, Chris Faucett, provided infringement contentions directed to CalAmp's products to a paralegal at his firm, Ms. Malone, with clear and specific instructions

that the contentions were to be served "today" on "counsel for AirIQ and CalAmp." Faucett Declaration, ¶3. In addition, after inadvertently serving contentions only on AirIQ's counsel, Ms. Malone was advised that the contentions "need to go to Joel Kauth (Joel.Kauth@kppb.com), CalAmp's counsel." Schlather Declaration, ¶5. Ms. Malone promptly forwarded the AirIQ contentions to Mr. Kauth without realizing that she had mistakenly forgotten to include the CalAmp contentions in her original email. Malone Declaration, ¶7-9. Clearly, LunarEye fully intended to serve the CalAmp contentions on January 5, 2010 and, only as a result of a clerical oversight were they not included in Ms. Malone's original e-mail with AirIQ's contentions.

Upon realizing this error, LunarEye took immediate corrective action to get the CalAmp contentions served as quickly as possible. In fact, considering that LunarEye was notified of the oversight at 7:10PM on January 12, 2010, it is clear that LunarEye acted immediately to serve the CalAmp contentions by 10:47AM the following morning. This modest, one week delay certainly does not justify the unreasonable and punitive measures CalAmp would have the Court adopt here.

For these reasons, CalAmp's motion should be denied.

## V.     CONCLUSION

Considering that the plain text of P.R. 3-1 requires only notification of where each claimed element is found in the accused products, that the plain text of this Court's orders containing no restrictions on LunarEye's January 5th infringement contentions and that CalAmp has suffered no significant prejudice, LunarEye respectfully requests that the Court deny CalAmp's motion to strike.

Dated:  February 23, 2010                      Respectfully submitted,

/s/ Edward W. Goldstein
Edward W. Goldstein
Texas Bar No. 08099500
Christopher M. Faucett
Texas Bar No. 00795198
Stephen F. Schlather
Texas Bar No. 24007993
Goldstein, Faucett & Prebeg, L.L.P.
1177 West Loop South, Suite 400
Houston, TX  77027
Tel:  713-877-1515
Fax:  713-877-1737
Email:  egoldstein@gfpiplaw.com
Email:  cfaucett@gfpiplaw.com
Email:  sschlather@gfpiplaw.com

Edwin Armistead Easterby
Texas Bar No. 00796500
Williams Kherkher Law Firm.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Telephone:  (713) 249-2189
Facsimile:  (713) 643-6226
Email: aeasterby@williamskherkher.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 23, 2010.  Any other counsel of record will be served by first class U.S. mail.

/s/ Edward W. Goldstein_____
Edward W. Goldstein