** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LUNAREYE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:07CV-113 |
| | § | |
| | § | JUDGE RON CLARK |
| AIRIQ, INC. *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AMENDED INFRINGEMENT CONTENTIONS**

Plaintiff LunarEye, Inc. filed suit against Defendants AirIQ *et al*, alleging that certain products infringe United States Patent No. 6,484,035. The '035 patent generally describes methods and apparatuses used to ascertain an object's location using Global Positioning Satellite Systems ("GPS"). Defendant CalAmp Corp. now moves to strike LunarEye's January 13, 2010 amended infringement contentions, on the grounds that these contentions: were untimely because they were served on January 13 rather than January 5, 2010; amend portions of the original contentions not related to newly allowed claim 4; add new accused products that existed long before the amended contentions were filed; and lack sufficient detail to put CalAmp on notice of how the accused devices are alleged to fulfill certain claim limitations.

All five factors favor permitting LunarEye leave to submit its amended contentions with respect to claim 4; however, LunarEye must provide further detail in its contentions for certain claim terms, discussed below, within ten (10) calender days of this Order. Consideration of the same five

factors favors granting CalAmp's motion to strike LunarEye's amended contentions with respect to claim 3. CalAmp's motion is therefore granted in part.

## I. Background

LunarEye served its original infringement contentions on December 10, 2007, asserting infringement of claim 3 of the '035 patent. Def. Mot. Strike, Ex. 2, at 1 [Doc. # 106]. At that time, LunarEye identified CalAmp's "Accused Instrumentalities" as the LMU-4000 CDMA2000 IX; LMU-4000 GPRS; LMU-4000 iDEN; LMU Blue Locator; and LMU Tethered Locator only. *Id.*, Ex. 2, at 2.

The court granted Defendants' motion to stay the case pending reexamination of the '035 patent on June 25, 2008. The stay was lifted on July 13, 2009, and a new Scheduling Order entered. LunarEye notified the court on July 27, 2009 that, in addition to claim 3 of the '035 patent, it also planned to assert newly allowed claims 4 and 17.[1] Doc. # 88. Under the court's Scheduling Order, if LunarEye "has notified the court that it plans to assert new claims, it will serve P.R. 3-1 Infringement Contentions (and P.R. 3-2 document production) on Defendants by" August 4, 2009. Doc. # 87, at 2. The August 4 deadline was later extended to January 5, 2010. Doc. # 101, at 1.

On January 5, 2010, a paralegal for LunarEye's counsel sent an email to counsel for both the AirIQ and CalAmp Defendants, stating that LunarEye's amended contentions were attached to that email. Pl. Resp., Decl. Delores Malone, Ex. D [Doc. # 109]. However, although the contentions with respect to the AirIQ Defendants were attached, those for CalAmp were not. On

---

[1] The amended contentions that are the subject of this motion reference only claims 3 and 4, not 17.

2

January 12, CalAmp's counsel sent an email to LunarEye's counsel, inquiring about the amended contentions. LunarEye sent the contentions on January 13, and asked CalAmp whether it believed LunarEye should seek leave of court before the contentions would be accepted. *Id.* at Decl. Christopher Faucett, Ex. C. CalAmp did not respond until it contacted LunarEye several weeks later for the meet and confer on the instant motion to strike.

## II. Applicable Law

Under P.R. 3-6, a party can amend its infringement contentions in one of two ways: (1) without leave no later than thirty days after service of the court's claim construction order "[i]f a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires," P.R. 3-6(a)(1); or (2) with leave of court, upon a showing of "good cause," P.R. 3-6(b).

P.R. 3-6(b) incorporates Fed. R. Civ. P. 16(b)'s "good cause" requirement. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004). To determine whether late-filed infringement contentions should be allowed, the court must consider the kinds of factors identified as important in deciding whether infringement contentions should be excluded. *See O2 Micro International Limited v. Monolithic Power Systems*, 467 F.3d 1355, 1366 (Fed. Cir. 2006); *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007). A non-exclusive list of factors considered by courts includes:

1. The danger of unfair prejudice to the non-movant;

2. The length of the delay and its potential impact on judicial proceedings;

3. The reason for the delay, including whether it was within the reasonable control of the movant;

4.  The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and

5.  Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

### III. Analysis

CalAmp argues that the court should strike LunarEye's amended infringement contentions to the extent that they: (1) were untimely, because they were served on January 13, 2010 rather than January 5, 2010; (2) amend portions of the original contentions not related to newly allowed claim 4; (3) add new accused products that existed long before the amended contentions were filed; and (4) lack sufficient detail to put CalAmp on notice of how the accused devices are alleged to fulfill certain claim limitations.

A.  <u>Amended Contentions Relating to New Claim 4</u>

Under the court's Scheduling Order, if LunarEye "has notified the court that it plans to assert new claims, it will serve P.R. 3-1 Infringement Contentions (and P.R. 3-2 document production) on Defendants by" January 5, 2010.  Docs. # 87, at 2; # 101, at 1.  Therefore, LunarEye was entitled to assert new allegations, including both old and new products, regarding claim 4 by that date.

The fact that the contentions were provided to CalAmp on January 13, rather than January 5, does not change this conclusion.  Looking at the above five factors, the equities favor permitting LunarEye to amend its contentions with respect to claim 4.

There is little danger of unfair prejudice to CalAmp, as it was put on notice that new contentions would be filed by LunarEye's January 5 email. Although the contentions were inadvertently omitted from this email, CalAmp received the amended contentions on January 13. This delay is not lengthy, and has little to no impact on judicial proceedings. LunarEye states that the reason for the delay was the accidental omission of the contentions from the email sent to CalAmp's counsel, and it is undisputed that had the attachment been properly included, the contentions would have been timely provided. As this is the first opportunity LunarEye has had to submit amended contentions with respect to newly added claim 4, the contentions are relatively important. Finally, once the matter was brought to LunarEye's attention, the contentions were provided to CalAmp the following day. Under these facts, the court concludes that the January 13, 2010 amended contentions relating to newly added claim 4 are proper.

B.   Amended Contentions Relating to Previously Asserted Claim 3

The Scheduling Order made it clear that any amended infringement contentions were to be directed only to newly added claims, *see* Doc. # 87, at 2-3[2], as did the court's November 10, 2009 Order in related case *LunarEye, Inc. v. WebTech Wireless*, 9:07-cv-114 denying Defendant's motion to strike LunarEye's amended contentions.[3] The court also stated at the July 6, 2009 telephone conference, in response to the question from WebTech's counsel regarding

---

[2]The Scheduling Order set July 28, 2009 as the deadline for Plaintiff to notify the court as to "whether or not it plans to add new claims to its Infringement Contentions. 'New claims' means claims drawn from newly reexamined claims 4-24 only." Further, with respect to Invalidity Contentions, the Order stated that "[i]f Plaintiff has served new Infringement Contentions based on newly added claims, Defendants shall serve P.R. 3-3 Invalidity Contentions (and P.R. 3-4 document production) by" August 25, 2009.

[3]*See* Doc. # 89, 9:07-cv-114, at 4 n.3.

whether the court would "reset the dates" for infringement contentions that LunarEye has already "filed their infringement contentions" and that it would be permitted to file new contentions as to new claims.

Therefore, LunarEye was not entitled to file amended contentions with respect to claim 3 absent leave of court. The court will consider whether the above five factors favor permitting LunarEye leave to amend its contentions with respect to previously asserted claim 3 at this point.

1. *The danger of unfair prejudice to CalAmp*

CalAmp argues that it is prejudiced because LunarEye's untimely amendment imposes substantial discovery obligations at a time when trial is fast-approaching. Expert reports are due for parties with and without the burden of proof on April 2 and 16, 2010, respectively; discovery closes on June 4, 2010; and trial is set for September 2010. CalAmp also suggests that the contentions lack sufficient detail regarding certain claim limitations, and that LunarEye added twelve products for the first time in January 2010 that had been on the market since: before the original December 2007 contentions (six products), February 2008 (one product), or April 2009 (five products). Under these facts, CalAmp's position is that the prejudice is too great to permit LunarEye's amended contentions with respect to claim 3.

LunarEye responds that its amended contentions are more than sufficient, as all P.R. 3-1(c) requires is that the patentee provide a chart "identifying specifically where each element of each asserted claim is found within each Accused Instrumentality . . . ." Further, LunarEye suggests that its amended contentions for claim 3 were timely in January 2010 based on the court's Scheduling Order, and contends that CalAmp was "on notice" of the newly asserted

products because the contentions are "essentially the same for all of CalAmp's products." Pl. Resp. at 11.

As discussed above, the court rejects LunarEye's argument that the January 2010 contentions were timely with respect to claim 3. LunarEye's amended contentions for claim 3 are therefore more than two years late, and LunarEye's only excuse is belied by the procedural history of this case and the court's prior scheduling orders. As expert report deadlines, the close of discovery, and the trial date are quickly approaching, CalAmp is likely to suffer significant prejudice from the late amendment.

Further, LunarEye's claim that CalAmp was "on notice" of the newly added products misses the point. Even assuming this is sufficient under the Federal Rules of Civil Procedure and this District's Local Rules—which is doubtful— LunarEye is required to do an adequate investigation of its claims. LunarEye does not answer CalAmp's allegation that at least six of the newly added products were publicly on sale before the December 2007 infringement contentions, or that the remaining six were available by April 2009. LunarEye clearly could, and should, have both identified and asserted these products long before January 2010. The failure to do so prejudices CalAmp.

This factor therefore weighs against permitting leave to amend, and in favor of striking the amended contentions with respect to claim 3.

      2.      *The length of the delay and the potential impact on judicial proceedings*

      3.      *The reason for the delay, and whether it was within the control of LunarEye*

      4.      *Whether LunarEye was diligent in seeking an extension of time after an alleged need to disclose the new matter became apparent*

As previously discussed, LunarEye's amended contentions are more than two years late at this point. The court has already rejected the only argument LunarEye offers in explanation for the delay. LunarEye did not seek leave from the court before providing its amended contentions, preferring instead to submit them in January 2010 and claim they were timely under a strained reading of the court's Scheduling Order. All three factors therefore weigh against permitting leave to amend, and in favor of striking the amended contentions with respect to claim 3.

      5.      *The importance of the amendment*

LunarEye previously submitted infringement contentions for claim 3 in December 2007, and CalAmp did not challenge their sufficiency by motion at that time. Aside from an isolated statement that the amended contentions provide more detail, LunarEye does not argue in its response that the amended contentions are important because they cure flaws in the previous submission or for some other reason.

However, because the amended contentions do add some detail and accuse new products, the court does consider them to be somewhat important. This factor therefore weighs in favor of granting leave to amend, and against striking the amended contentions with respect to claim 3, but not greatly.

      6.    *Conclusion*

Consideration of the above five factors favors denying leave to amend, and in favor of striking the amended contentions with respect to claim 3. CalAmp's motion on this point is granted.

D.    <u>Whether the Contentions For Claim 4 Lack sufficient Detail</u>

CalAmp argues that even if LunarEye is permitted to amend its contentions with respect to claims 3 and 4, these contentions still lack adequate detail regarding certain claim elements. As the court has determined that LunarEye cannot amend its contentions with respect to claim 3, it need only consider CalAmp's arguments with respect to claim 4.

CalAmp points to the following claim terms as lacking specificity: (1) "derived location data"; and (2) "reorders the selected location data." CalAmp also argues that for claim elements 2 and 3 as a whole, LunarEye merely parrots the claim language without explaining where the components are located in the accused devices.

Under P.R. 3-1(c), the patentee must provide a chart "identifying specifically where each element of each asserted claim is found within each Accused Instrumentality . . . ." The Patent Rules are "designed to streamline the discovery process." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). These rules "demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has ever begun." *Id.* "Proper infringement contentions provide a defendant with notice of a plaintiff's infringement theory." *EON Corp. IP Holdings LLC v. Sensus USA Inc.*, 2010 WL 346218 at *2 (E.D. Tex. Jan. 21, 2010). These contentions "must be specific enough to give a defendant notice of plaintiff's infringement

claims and must go beyond that provided by the mere language of the patent." *Computer Acceleration*, 503 F. Supp. 2d at 823.

In this case, the court finds that LunarEye's amended contentions with respect to claim 4 are partially insufficient. In claim element 2—"a location-signal device configured to produce a location signal including derived location data when enabled"—LunarEye primarily quotes CalAmp product statements for three of the accused products lines obtained from their website. The only other statement LunarEye makes is the following: "All of the above-described devices include a location-signal generating device (in the form of a GPS unit) configured by firmware and/or software to produce a location signal including location data when enabled." Def. Mot. Strike, Ex. 1, at 20. This is nothing more than a mere recitation of the claim language: the only detail *not* in the claim that LunarEye provides is that a location-signal generating device is a GPS unit that is configured, using either firmware or software. LunarEye does not identify the location data, or which data is or is not selected.

With respect to "reordering the selected location data," LunarEye again quotes verbatim several passages from CalAmp's website. More detail about what occurs is provided this time[4], namely what reorders the derived location signal, when this takes place, and what the reordering does. However, not only does LunarEye fail to explain what comprises the location data, how this data is selected, or how the data is reordered, but also includes a laundry list of code modules

---

[4]"Each of the above-described locators include firmware and/or code to acquire derived location data through the above-described API calls. The firmware and/or code then create message packets for transmission of the location signal (the data that is sent via the telemetry transmitted). The firmware and/or code reorders the derived location data prior to its transmission as a location signal. The reordering places the location signal into a proprietary message packet, and changes it substantially from the derived location data's initial data structure." *Id.,* Ex. 1, at 29.

under the heading "program name" without explanation as to what function the code might perform.

CalAmp's final argument relates to claim element 3—"a data selecting device for selecting less than all of the derived location data to include in the location signal." LunarEye again quotes verbatim several passages from CalAmp's website, and provides little by way of explanation.[5] It is unhelpful to parrot the claim language, and LunarEye fails entirely to identify where the derived location data is present in the accused products, or how the products select less than all of the derived location data.

These are the only claim elements CalAmp identifies as being insufficient, so the court need not address whether the remainder of LunarEye's contentions lack detail. Because LunarEye has not previously submitted infringement contentions with respect to claim 4, and it is unlikely that LunarEye would be able to pursue its case for claim 4 if the court strikes these portions of the contentions, LunarEye will have the opportunity to amend these portions of the infringement contentions to address the concerns set out above. This supplementation must occur within ten (10) calender days from the date of this Order. CalAmp will have twenty-one (21) calender days from LunarEye's amendment to supplement its invalidity contentions with respect to these claim elements.

---

[5]"All of the accused devices are programmed and configured to select only portions of the location data. The above-described locators are configured to utilize API calls to obtain location data from the GPS unit. The identified code sections include the definitions of the functions that make the API calls to retrieve data from the GPS unit and the data structures that define the derived location data. The data selecting device selects less than all of the derived location data by discarding certain portions of the derived location data. It appears that each of the above-described locators is capable of deriving location data in either binary or NMEA structure." *Id.*, Ex. 1, at 23.

IT IS THEREFORE ORDERED that Defendant CalAmp Corp.'s Motion to Strike Amended Infringement Contentions [Doc. # 106] is GRANTED IN PART.

So **ORDERED** and **SIGNED** this **1** day of **April, 2010.**

                                                Ron Clark, United States District Judge